UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARDIAN DAVIDSON,

      Petitioner,

v.                            Case Number 20-cv-13188
      `                       Honorable Linda V. Parker

GREGORY SKIPPER,

      Respondent.

_____/

**OPINION AND ORDER: (1) DENYING HABEAS PETITION; (2) DENYING THE MOTION FOR ORAL ARGUMENT (ECF NO. 10); (3) GRANTING A CERTIFICATE OF APPEALABILITY; AND (4) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Edwardian Davidson, a state prisoner in the custody of the Michigan Department of Corrections, filed a habeas corpus petition through counsel pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 2.) Petitioner challenges his convictions of first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), first-degree home invasion, Mich. Comp. Laws § 750.110a(2), first-degree home invasion, Mich. Comp. Laws § 750.110a(2), two counts of unarmed robbery, Mich. Comp. Laws § 750.530, one count of theft of a financial transaction device, Mich. Comp. Laws § 750.157n(1), and being a fourth habitual offender, Mich. Comp. Laws § 769.12. For the following reasons, the Court denies the habeas petition and

Petitioner's motion for oral argument (ECF No. 10).  The Court, however, grants a

certificate of appealability and leave to appeal in forma pauperis.

## I.  Background

Petitioner was convicted by a jury in the Macomb County Circuit Court in

Michigan.  This Court recites verbatim the relevant facts relied upon by the

Michigan Court of Appeals, which are presumed correct on habeas review

pursuant to 28 U.S.C. § 2254(e)(1).  *See Wagner v. Smith,* 581 F.3d 410, 413 (6th

Cir. 2009):

> Defendant's convictions arise out of an unarmed robbery that
> took place at a condominium in Sterling Heights, Michigan, in
> November 2015.  The 89-year-old victim and his 84-year-old
> wife had just returned home from an outing and pulled into the
> garage attached to their condominium.  The victim exited the
> passenger seat and closed the car door.  While his wife, who
> used a cane, was exiting the driver's seat, defendant approached
> the victim and punched him in the face, causing him to fall to
> the ground and strike his head.  Hearing the noise, the victim's
> wife turned toward the open garage door and saw defendant
> walking around the back of the car.  She yelled at defendant to
> get out of her garage, but he did not respond.  Defendant
> grabbed the purse on her shoulder and, after a brief struggle,
> took it and ran away.  The victim sustained a fractured jaw, a
> fracture to the orbital bone around his eyes, a fracture at the
> back of his skull, severe swelling and bruising over his left eye,
> swelling and bruising on his cheeks, and a broken ankle.  He
> remained unconscious and died of his injuries in the hospital
> eight days after the robbery.
> The record shows that defense counsel requested a
> manslaughter instruction during defendant's trial.  It appears
> that he may have had involuntary manslaughter in mind, as
> defense counsel argued that there was no evidence that
> defendant had used a weapon or had intended to cause the

decedent's death, and that the decedent may have died from hitting his head on the garage floor.  The prosecution opposed giving an instruction on voluntary manslaughter due to the lack of evidence that defendant "acted out of passion or anger brought about by adequate cause," and opposed giving the instruction on involuntary manslaughter because he saw no indication that defendant's negligence caused the victim's death.  The trial court asked for a copy of the requested instruction, but defense counsel did not have one.  Saying that he had one, the prosecutor handed the trial judge a copy of M Crim. JI 16.9, regarding voluntary manslaughter, but apparently not one for involuntary manslaughter, M Crim. JI 16.10.  After reading the proffered instruction into the record, the trial court concluded that the record facts did not support giving the instruction because there was no evidence to support a finding that emotional excitement caused defendant to act from passion instead of judgment or that he acted before he had a chance to calm down.  Defendant's counsel gave no indication that this was not the instruction he had requested.

*People v. Davidson*, No. 336176, 2019 WL 137323, at * 1 (Mich. Ct. App. Jan. 8, 2019) (internal footnote omitted). [1]

In consideration of Petitioner's habeas petition, the Court also examines the trial court transcripts.  On the final day of trial, defense counsel requested an involuntary manslaughter jury instruction since there was no evidence of any weapon and because the medical examiner testified that a fist or a punch caused the initial injury.  (ECF No. 7-23 at Pg ID 1256-57.)  The prosecutor then argued

---

[1] The trial transcript indicates that trial counsel for the Petitioner presented the court with the wrong instruction, as the prosecutor stated "[y]our [h]onor, I do not have a copy with me."  (ECF No. 7-23 at Pg ID 1258.)  This factual error, however, is not material to the Court's determination of the merits of this Petition.

against such instruction stating that there was no heat of passion or negligence.

(*Id.* at Pg ID 1257.)  Further, the prosecutor argued that it was inconsistent with the

defense stating "we got the some other dude did it defense here . . . ." (*Id.*)  The

trial judge indicated that he needed to see the instruction for manslaughter.  (*Id.* at

Pg ID 1257-58.)  The colloquy from the trial court reads as follows:

> THE COURT: I need to see the instruction for manslaughter.
>
> [Prosecutor]: Your Honor, I do not have a copy with me.  I did not include it.
>
> [Defense Counsel]: I do, but it's going to take just a second to get it, your Honor.  CJI 16.8.
>
> THE COURT: 16.9[2], as a lesser included offense

---

[2] Michigan Model Criminal Instruction 16.9 regarding **Voluntary Manslaughter as a Lesser Included Offense of Murder** provides:

> (1) The crime of murder may be reduced to voluntary manslaughter if the defendant acted out of passion or anger brought about by adequate cause and before the defendant had a reasonable time to calm down.  For manslaughter, the following two things must be present:
>
> (2) First, when the defendant acted, [his / her] thinking must be disturbed by emotional excitement to the point that a reasonable person might have acted on impulse, without thinking twice, from passion instead of judgment.  This emotional excitement must have been the result of something that would cause a reasonable person to act rashly or on impulse.  The law does not say what things are enough to do this.  That is for you to decide.

[Defense Counsel]: Yes.  Thank you.

THE COURT: It does not appear to apply.  The instruction reads: The crime of murder may be reduced to involuntarily manslaughter if the defendant acted out of passion or anger brought about by adequate cause and before the defendant had reasonable time to calm down.  For manslaughter, the following two things must be present: First, the defendant acted – his thinking must be disturbed by emotional excitement to the point that a reasonable person might have acted on impulse – there's no indication, there's no evidence to support such a conclusion – without thinking twice, from passion instead of judgment. This emotional excitement must have been the result of something that would have caused a reasonable person to act rashly or on impulse.  Again, there's no evidence to support such a conclusion from which a jury, a reasonable jury could conclude, if this was from passion instead of judgment.  The second element is equally not applicable.  The defendant must have acted before a reasonable time had passed to calm down – again, there's no evidence to support such a conclusion. Therefore, the instruction will not be given.

[Defense Counsel]: Thank you, your Honor.

 (ECF No 7-23 Pg ID 1258-59.)  To be clear, the judge was neither handed

Michigan Model Criminal Instruction 16.10 for involuntary manslaughter nor did

he address whether the instruction applied.  Further, defense counsel did not make

---

(3) Second, the killing itself must result from this emotional excitement. The defendant must have acted before a reasonable time had passed to calm down and return to reason.  The law does not say how much time is needed. That is for you to decide.  The test is whether a reasonable time passed under the circumstances of this case.

Mich. Model Crim. Jury Instr. 16.9.

any indication that this was the incorrect jury instruction based on counsel's previous argument for an involuntary manslaughter instruction.

The Michigan Court of Appeals affirmed Petitioner's conviction. *Id.* The Michigan Court of Appeals subsequently denied Petitioner's motion for reconsideration, although Judge Elizabeth L. Gleicher indicated that she "would have granted the motion for reconsideration." *People v. Davidson*, No. 336176 (Mich. Ct. App. Mar. 5, 2019) (Gleicher, J. would grant reconsideration); (ECF No. 2-3 at Pg ID 65.) Judge Gleicher did not state anything further in support of her position. The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Davidson*, 932 N.W.2d 602 (Mich. 2019).

Petitioner seeks a writ of habeas corpus on the ground that defense counsel was ineffective in failing to request an instruction on involuntary manslaughter.

## II. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner challenging "a matter 'adjudicated on the merits in State court'" must "show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The Supreme Court has explained that

> a state court decision is 'contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'

*Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)) (alterations added).  Further,

> "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, at 413, 120 S. Ct. 1495.  The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. *Id.*, at 410, 412, 120 S. Ct. 1495. The state court's application of clearly established law must be objectively unreasonable. *Id.*, at 409, 120 S. Ct. 1495.

*Id.* at 75 (quoting *Williams*, 529 U.S. at 413).

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt[.]'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal and end citations omitted).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Thus, "[o]nly an 'objectively unreasonable' mistake, . . . one 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement,' slips through the needle's eye of § 2254." *Saulsberry v. Lee*, 937 F.3d 644, 648 (6th Cir.), *cert. denied*, 140 S. Ct. 445 (2019) (quoting *Richter*, 562 U.S. at 103). "That's a 'high bar' to relief, which 'is intentionally difficult to meet.'" *Kendrick v. Parris*, 989 F.3d 459, 469 (6th Cir. 2021) (quoting *Woods v. Donald*, 575 U.S. 312, 316 (2015)).

### III.  Discussion

Petitioner claims he was denied the effective assistance of counsel because his trial attorney failed to adequately request that the jury be instructed on the lesser included offense of involuntary manslaughter.  (ECF No. 2.)  Petitioner claims that had this instruction been given, he would not have been convicted of first-degree felony murder because his actions failed to show that he acted with the requisite malice aforethought required for a felony murder conviction, but at most, acted with gross negligence.  (*Id.*, Pg ID 31-32.)

A defendant must satisfy a two-prong test to show that he was denied the effective assistance of counsel under federal constitutional standards.  First, the defendant must demonstrate that considering all the circumstances, the counsel's performance was so deficient that the attorney was not functioning as the

"counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, the Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Id*. at 689.

Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "The likelihood of a different result must be substantial, not just conceivable." *LaMar v. Houk*, 798 F.3d 405, 416 (6th Cir. 2015) (quoting *Harrington*, 562 U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

The Michigan Court of Appeals rejected petitioner's ineffective assistance of counsel claim at length:

> The record evidence does not support defendant's claim that he was entitled to an instruction on involuntary manslaughter.

Defendant's theory of defense was that he could not have committed the charged crimes because he was elsewhere at the time.  Prosecution witness [] testified that she spoke to defendant by cell phone on the date of the incident, and although she did not know where he was when they spoke, she knew he had gone to Flint that day.  Defendant bolstered that alibi with four witnesses of his own, all of whom testified that he went to Flint on the day of the charged crimes.  Defendant argues in his brief to this Court that involuntary manslaughter was the "backup defense," but does not cite to any evidence in the record that would support giving an instruction on involuntary manslaughter.  Absent any evidence in the record to support an involuntary manslaughter instruction, defendant's claim that he was entitled to such instruction and that his trial counsel rendered ineffective assistance by failing adequately to request one must fail.

Equally unavailing is defendant's contention that an instruction on involuntary manslaughter was warranted because there was no evidence that he acted with malice when he punched the victim.  Malice is the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm.  A jury may infer malice from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm.

The evidence showed that defendant punched the victim with such force that he fractured the victim's jaw and orbital bone and caused him to fall and strike his head on the garage floor, fracturing his skull.  In addition, it was posited at trial that defendant may have kicked the victim or stepped on his leg and shattered the victim's ankle while attempting to move around the car toward the victim's wife.  A rational trier of fact could infer from the brutality of defendant's actions that he intended to cause great bodily harm, or at the very least, acted in wanton and willful disregard that such harm would result from his actions.

Even if a rational view of the evidence would have supported instructing the jury regarding involuntary manslaughter, defendant still cannot overcome the presumption that defense counsel's decision not to pursue a jury instruction on involuntary manslaughter was sound trial strategy. Defense counsel's trial strategy did not focus on whether defendant acted with malice when he injured the victim. Instead, defense counsel argued that defendant was not properly identified as the perpetrator of the crime, and he provided several alibi witnesses to support this contention. Decisions regarding which jury instructions to request are generally considered part of trial strategy, and this Court will not second-guess defense counsel's trial strategy with the benefit of hindsight. Although it is clear that defense counsel's mistaken-identity argument amounted to an all-or-nothing defense, the decision to proceed with an all-or-nothing defense is a legitimate trial strategy. The fact that defense counsel's strategy was unsuccessful does not render him ineffective.

Furthermore, defendant cannot properly demonstrate that he was prejudiced by defense counsel's failure to pursue a jury instruction on involuntary manslaughter. The jury was given instructions on first-degree felony murder and the lesser included offense of second-degree murder. Although the jury was presented with the option of convicting defendant of second-degree murder, it chose to convict him of first-degree felony murder instead. Because the jury rejected the opportunity to convict defendant of the lesser included offense of second-degree murder, it is unlikely that it would have chosen to convict him of involuntary manslaughter. Thus, defendant is unable to show that there is a reasonable probability that, if not for defense counsel's failure to request the jury instruction on involuntary manslaughter, the jury would have convicted him of the lesser offense of involuntary manslaughter instead of first-degree felony murder. Therefore, defendant was not prejudiced by defense counsel's failure to request a jury instruction on involuntary manslaughter.

11

*People v. Davidson*, 2019 WL 137323, at * 2-3 (internal citations and quotations omitted).

     *(i)    Clearly Established Federal Law*

     The Michigan Court of Appeals' decision was reasonable and precludes habeas relief.  First, as an initial matter, the United States Supreme Court has declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case.  *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003) (citing to *Beck v. Alabama,* 447 U.S. 625, 638, n. 14 (1980)); *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002) (quoting *Bagby v. Sowders,* 894 F.2d 792, 797 (6th Cir.1990) (en banc)) ([T]he Sixth Circuit has held that failure to instruct on a lesser included offense in a noncapital case is not "such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."); *Neuman v. Jackson*, 2021 WL 1663532, at *3 (E.D. Mich. Apr. 28, 2021) ("the state court's failure to instruct the jury on the lesser included manslaughter offense in [petitioner's] non-capital case was not contrary to, or an unreasonable application of, clearly established federal law.").

     *Beck* has been interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle,* 260 F. 3d 531, 541 (6th Cir. 2001) (citing *Bagby*, 894

F.2d at 795-97). Here, Petitioner was not charged with a capital offense. *Bagby*, 894 F.2d at 796 (6th Cir. 1990) (recognizing that capital offenses are offenses in which the death penalty may be imposed.) Thus, a state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief.

(ii)     *Ineffective Assistance of Counsel*

Similarly, the Michigan Court of Appeals' rejection of Petitioner's claim that counsel was ineffective for failing to request such an instruction would not entitle Petitioner to habeas relief. *See Parker v. Burt*, 595 F. App'x 595, 605 (6th Cir. 2015) (holding that the state court's determination that defense counsel's failure to request a jury instruction for involuntary manslaughter based on gross negligence at the defendant's trial was not ineffective assistance of counsel or contrary to clearly established federal law, as required to grant federal habeas relief.) The lower district court reasoned as follows:

> [b]y finding [p]etitioner guilty of second-degree murder, the jury necessarily concluded beyond a reasonable doubt that Petitioner either intended to kill the victim, intended to cause great bodily harm, or intended to create a very high risk of death or great bodily harm with the knowledge that death or great bodily harm is the probable result . . . The alternate jury instruction would not have undermined in any way the evidence that the jury chose to accept indicating that Petitioner was guilty of the greater offense. On habeas review, a petitioner may not establish that his attorney was ineffective for failing to

13

> request a lesser-included offense instruction where the evidence
> was sufficient to support the greater offense, and Petitioner
> does not challenge the sufficiency of the evidence to support his
> murder conviction.

*Parker v. Booker*, 2011 WL 5984035, at *19 (E.D. Mich. Nov. 30, 2011), *aff'd sub*

*nom. Parker*, 595 F. App'x 595 (citations omitted); *see also Brantley v. McKee*,

2006 WL 897577, at *10 (E.D. Mich. Apr. 4, 2006) (finding where a petitioner's

jury was instructed on lesser included offense including second-degree murder and

determined that he committed first-degree murder, that had the involuntary

manslaughter gross negligence instruction been given, it is unlikely that it would

have changed the outcome.).

Further, an instruction on the lesser included offense of involuntary

manslaughter would have been incompatible with the Petitioner's primary defense

of alibi and mistaken identity. Counsel was not ineffective in failing to follow up

on his request for a jury instruction on the lesser included offense of involuntary

manslaughter, because such an instruction could have undermined Petitioner's alibi

defense. *See Cathron v. Jones*, 77 F. App'x. 835, 845 (6th Cir. 2003) ("[T]he

evidence did not support such an instruction, and, if given, such an instruction

would have undermined Petitioner's alibi defense.").

Moreover, a failure to request charges on all possible lesser included

offenses may be proper trial strategy. *See Tinsley v. Million,* 399 F. 3d 796, 808

(6th Cir. 2005) (noting it is a "permissible use of trial strategy" to not request

certain instructions.)  Counsel's decision to pursue an "all or nothing" defense in the hopes of obtaining a complete acquittal is a reasonable defense strategy that defeats Petitioner's ineffective assistance of counsel claim.  *See Kelly v. Lazaroff*, 846 F.3d 819, 830 (6th Cir. 2017).  The Court notes, however, that trial counsel initially requested an involuntary manslaughter instruction, but handed the judge a voluntary manslaughter instruction, and gave no indication that this was not the instruction he had requested.  This fact suggests that defense counsel may have wanted to present both instructions but ultimately waived the opportunity.

Finally, Petitioner is unable to show that he was prejudiced by counsel's failure to adequately request an instruction on the lesser included offense of involuntary manslaughter or explain that the voluntary manslaughter instruction the judge read was not the jury instruction he requested.  Petitioner's acts of punching an elderly man in the face with such force that he fractured his jaw and orbital bone, causing him to fall to the ground and hit his head, and then possibly kicking the victim or stepping on his leg and shattering his ankle while attempting to move around the car toward the victim's elderly wife, was sufficient evidence of malice to support the felony murder conviction.  Further, the Michigan Court of Appeals noted that when presented with the opportunity to convict Petitioner of the lesser included offense of second-degree murder, the jury opted to convict him of first-degree felony murder, thus arguably making it unlikely that the jury would

have chosen to convict Petitioner of involuntary manslaughter.  *Davidson*, No.

336176, 2019 WL 137323, at *3.  As such, Petitioner cannot show prejudice and is

not entitled to habeas relief on his claim.

Petitioner has filed a motion for oral argument (ECF No. 10).  A federal

district court can grant oral argument in a habeas case where it would assist in

resolving the matters raised in the habeas petition.  *See e.g. Haskell v. Berghuis*,

695 F. Supp. 2d 574, 584 (E.D. Mich. 2010).  Because this Court has determined

from the pleadings that Petitioner is not entitled to habeas relief, the Court will

deny the motion for oral argument.  *See Lovely v. Jackson*, 337 F. Supp. 2d 969,

978 (E.D. Mich. 2004).

### III.  Conclusion

The Court will deny the petition for writ of habeas corpus.  A habeas

petitioner must receive a certificate of appealability to appeal the denial of a habeas

petition for relief from either a state or federal conviction.  28 U.S.C.

§§ 2253(c)(1)(A), (B).  A court may issue a certificate of appealability only if the

applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).[3]  When a federal district court rejects a habeas claim on the

---

[3] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing
Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254,
provides that "[t]he district court must issue or deny a certificate of appealability
when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. §
2254.

merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Although the Court believes its decision to deny habeas relief is correct, the Court will nonetheless grant Petitioner a certificate of appealability for the following reason.  Judge Gleicher of the Michigan Court of Appeals indicated that she would have granted Petitioner's motion for reconsideration after the Michigan Court of Appeals initially affirmed the conviction.

"When a state appellate court is divided on the merits of the constitutional question, issuance of a certificate of appealability should ordinarily be routine." *Jones v. Basinger*, 635 F. 3d 1030, 1040 (7th Cir. 2011).  The fact that Judge Gleicher would have granted reconsideration from the Michigan Court of Appeals' decision to affirm the conviction shows that jurists of reason could decide Petitioner's claim differently or that the issues deserve encouragement to proceed further.  *See Robinson v. Stegall,* 157 F. Supp. 2d 802, 820, fn. 7 & 824 (E.D. Mich. 2001) (habeas petitioner entitled to certificate of appealability from district court's determination that state appellate court reasonably applied federal law in determining that any Confrontation Clause error was harmless, where one judge on the Michigan Court of Appeals dissented and indicated that he would have reversed petitioner's conviction; dissent showed that a reasonable jurist found that

the issue should have been decided differently). Accordingly, the Court grants a certificate of appealability.

Petitioner is also granted leave to proceed on appeal *in forma pauperis*, as any appeal would not be frivolous. A court may grant *in forma pauperis* status if the court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Because this Court grants a certificate of appealability, any appeal would be undertaken in good faith; Petitioner is thus granted leave to appeal *in forma pauperis*. *See Brown v. United States,* 187 F. Supp. 2d 887, 893 (E.D. Mich. 2002).

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court also **DENIES** Petitioner's pending motion for oral argument (ECF No. 10).

**IT IS FURTHER ORDERED** that the Court **GRANTS** a certificate of appealability on the issue of whether his trial counsel was ineffective in failing to request an instruction on involuntary manslaughter.

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 6, 2022